LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Telephone: (808) 543-2055

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ERIC PARR, | ) | CV. NO. 11-00505 JMS-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CLUB PEGGY, INC., | ) | |
| Defendant. | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR JUDGMENT BY DEFAULT

Before the Court is Plaintiff Eric Parr's ("Plaintiff") Motion for Judgment by Default ("Motion"), filed November 8, 2011. This matter came on for hearing on December 14, 2011, with Lunsford Dole Phillips, Esq., appearing on behalf of Plaintiff. No one appeared for Defendant despite having been served with notice of the Motion and the hearing.

After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

In 2006 Plaintiff, a closed-head quadriplegic, had been unable to patronize Defendant's cocktail lounge due to architectural barriers that prevented wheelchair access. He filed a lawsuit [USDC 06-00085 SPK/BMK] against Defendant CLUB PEGGY, INC., doing business as Club Soo Mi. That Complaint alleged that Defendant operated a place of public accommodation that was in violation of the Americans with Disabilities Act ("ADA") and the parallel state law. Defendant did not appear or defend, and Plaintiff received an Entry of Default. After Defendant was served with that pleading, it negotiated a settlement with Plaintiff. In addition to agreeing under the terms of the settlement agreement to pay fees, damages, and costs, Defendant agreed to make certain barrier removal to increase the premise's accessibility no later than October 2006.

Specifically, Defendant agreed to do the following:

1. Provide an accessible seating location by removing the bench seat closest to the door. It may be replaced with regular chairs.

2. Modify the existing men's restroom by:

> A. Replacing the existing door with a standard 3'0" door with a door handle, hung as close to the bar as possible and hinged to swing in toward the bar.
>
> B. Create a toilet room by removing the half wall between the lavatory and the water closet.
>
> C. Install grab bars.
>
> D. Install any privacy lock no higher than 48."
>
> E. A privacy lock must be operable with a closed fist.

This year Plaintiff returned to Defendant's public accommodation and found he could not patronize it because Defendant had not done the barrier removal it had agreed to do [No. 1, 2C, 2D, and 2E.]. Therefore Plaintiff filed the instant lawsuit on August 18, 2011, ("Complaint") seeking the barrier removal Defendant had not done in the five years since it had agreed to do. The Complaint seeks a permanent injunction requiring Defendant to fully comply with the ADA within ninety days; $1,000 in monetary damages as provided by Hawai`i Revised Statutes § 347-13.5; and litigation expenses, including attorney's fees.

Defendant did not appear or defend the Complaint either. Consequently Plaintiff sought and received an Entry of Default in this matter on October 21, 2011. Defendant did not respond in any fashion, and Plaintiff filed a Motion For Default Judgment on November 8, 2011. Hearing of that motion was held on December 14, 2011.

## DISCUSSION

**I.  Default Judgment**

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right.  See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

(1)  the possibility of prejudice to the plaintiff,

(2)  the merits of the plaintiff's substantive claim,

(3)  the sufficiency of the complaint,

4

(4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts,

(6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  Plaintiff has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed.  The Court also finds that Plaintiff's Complaint sufficiently alleges substantive claims.

Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect.  This Court therefore finds that factors (1), (2), (3), (5), and (6) weigh in favor of granting the Motion. Factor (4) also weighs in favor of granting the Motion. Plaintiff seeks only the $1,000.00 in statutory damages provided to in Hawai`i Revised Statutes § 347-13.5 although Defendant ought to face a greater monetary penalty given its conscious disregard of both Plaintiff's rights and its own agreement. The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits, but Defendant is not entitled to the benefit of that policy given its repeated failures to defend the merits.

Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in this case.

## II. Injunctive Relief

Plaintiff seeks an injunction that requires Defendant to bring its places of public accommodation into compliance with the ADA within ninety days by doing the barrier removal set forth above. Under the ADA discrimination includes: "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable[.]" 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff submitted a declaration by counsel, confirming that Defendant's men's restroom poses barriers to wheelchair access and that no accessible seating location exists. The Court finds that the barriers identified by counsel constitute violations of the ADA.

The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. §12188(a)(2). Pursuant to § 12188(a)(2), this Court RECOMMENDS that the district court GRANT Plaintiff's request for an injunction requiring Defendant to remove the specified barriers to accessibility at Club Soo Mi and exercise continuing jurisdiction to monitor Defendant's compliance.

**III. Litigation Fees**

Plaintiff also seeks an award of his reasonable attorney's fees and costs. A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA. See 42 U.S.C. § 12205.

### A. Attorney's Fees

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). To do so the court first determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Then the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee,

(6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr, 526 F.2d at 70.

Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567(1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff's attorney requests the lodestar amount of $350.00/hr. plus GET calculated at 4.72% for work performed in connection with this case.

### 1. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the

8

experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  Mr. Phillips was admitted to the Hawai`i bar in 1987 and is known to the Court to have litigated numerous ADA cases skillfully and expeditiously.  The reasonable hourly rate should also reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  As is usual Mr. Phillips has submitted affidavits of other counsel knowable in this specialized area that the rate being sought by Mr. Phillips is reasonable.  Moreover this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Based on this Court's knowledge of the prevailing rates in the community and Plaintiff's submissions in this case, this Court finds that the requested hourly rate of $350 plus general excise tax is reasonable.

## 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34). This Court finds that the number of hours in the request is manifestly reasonable. Sua sponte the Court awards one hour of attorney's time for drafting post-hearing proposed findings and recommendation for the Court's consideration.

## 3. Total Award

Based on the foregoing, this Court finds that Plaintiff has established the

appropriateness of an award of attorney's fees as follows:

> ATTORNEY HOURS RATE LODESTAR
>
> Lunsford Dole Phillips 11.0 hours @ $350, totaling $3,850.00
>
> Hawai`i General Excise Tax 4.72%, totaling $181.72
>
> TOTAL LODESTAR $4,031.72

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors. The Court RECOMMENDS that Plaintiff's request for attorney's fees as hereby calculated be GRANTED.

## B. Costs

Plaintiff only requests the filing fee as a litigation cost, electing to waive all service and copying charges. The Court finds these costs to be manifestly reasonable and necessarily incurred in the pursuit of this action. The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for costs in full.

## C. Damages

Plaintiff seeks the exceedingly modest damages provided for in Hawaii Revised Statute § 347-13.5. Given that Defendant is wholly responsible for this unnecessary serial litigation and has compounded the injury inflicted on Plaintiff by its initial discrimination by violating its own agreement while continuing to discriminate, causing Plaintiff to undergo the time and effort of another lawsuit, the Court finds that amount of damages is also manifestly reasonable. The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for damages in full.

## CONCLUSION

On the basis of the foregoing, this court FINDS AND RECOMMENDS that Plaintiff's Motion for Judgment by Default, filed November 8, 2011, be GRANTED. This Court recommends that the district court:

1) GRANT Plaintiff an injunction requiring Defendant within ninety days of the entry of judgment to remove the barriers to accessibility identified above previously agreed to do but left undone;

2) GRANT Plaintiff's request for the Court to continue its jurisdiction to monitor compliance;

3) GRANT Plaintiff's request for attorney's fees;

4) GRANT Plaintiff's request for costs; and

5) AWARD Plaintiff attorney's fees in the amount of $4,031.72 and costs

in the amount of $359.00.

IT IS SO FOUND AND RECOMMENDED:



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: January 19, 2012

ERIC PARR V. CLUB PEGGY, INC.; CV. NO. 06-00085 SPK-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT